UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BUREAU VERITAS COMMODITIES AND TRADE, INC. | CIVIL ACTION |
| VERSUS | NO. 20-3374 |
| RENISHA NANOO, ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant Cotecna Inspection, Inc.'s ("Cotecna") motion for review of Magistrate Judge Karen Roby's October 4, 2022 order compelling defendant to produce, among other things, documents from its corporate affiliates.[1] Plaintiff Bureau Veritas opposes defendant's motion.[2] The Court denies defendant's motion because defendant has failed to show that Magistrate Judge Roby's order was clearly erroneous or contrary to law.

## I. BACKGROUND

This case arises from allegedly anti-competitive trade practices. Plaintiff' operations include a "metals and minerals" ("M&M") inspection,

---

[1] R. Doc. 122.
[2] R. Doc. 126.

sampling, testing, and certification business,[3] and it alleges that a number of high-level employees in its M&M division, including defendant Renisha Nanoo, colluded with Cotecna to steal plaintiff's trade secrets and employees to develop a competing M&M business.[4] Plaintiff alleges that, from February to June of 2020, all but one of its M&M division's senior managers resigned, opened a competing lab for Cotecna, and pursued plaintiff's customers.[5]

Plaintiff filed several lawsuits related to this dispute. The first lawsuit was filed in state court in Harris County, Texas, on August 26, 2020 (the "Texas State Case") against Cotecna and four former Bureau Veritas employees.[6] Plaintiff subsequently filed the instant action in this Court on December 11, 2020 against Cotecna and Nanoo. Plaintiff then filed a third case in the United States District Court for the Southern District of Texas (the "Texas Federal Case").[7] The Texas Federal Case is currently stayed, except for written discovery.[8]

---

[3] R. Doc. 56 ¶ 1.
[4] *Id.* ¶ 2.
[5] *Id.* ¶¶ 2-3.
[6] *Bureau Veritas Commodities & Trade, Inc. v. Allinson, et al.*, No. 2020-51445 (215th Judicial District Court of Harris County, Tex.).
[7] *Bureau Veritas Commodities & Trade, Inc. v. Cotecna Inspection SA and Dannaud*, No. 4:21-622 (S.D. Tex.).
[8] *Bureau Veritas Commodities & Trade, Inc. v. Cotecna Inspection SA and Dannaud*, No. 4:21-622, R. Doc. 44 (S.D. Tex.).

On October 4, 2022, Magistrate Judge Roby issued an order requiring Cotecna to produce, among other things, board notes and minutes from February 2020 to July 2020 that reference key terms, including "Bureau Veritas" and "Nanoo" for in-camera review.[9] Magistrate Judge Roby also ordered Cotecna to search the emails of seventeen "key players" for specific search terms and produce responsive documents.[10]

Cotecna timely objected to the Magistrate Judge's order. In its objection, Cotecna contends that it does not have the board notes and minutes plaintiff is seeking; rather, such documents belong to its parent company, Cotecna SA, a Swiss entity.[11] It further contends that five of the seventeen "key players" whose inboxes Cotecna was ordered to search are employed by Cotecna SA or Cotecna El Salvador S.A. de C.V.[12] Cotecna argues that it is thus not in the possession, custody, or control of the documents that plaintiff is seeking, and contends that plaintiff must directly subpoena those entities. It further contends that Swiss law that precludes Cotecna SA from disclosing the documents it was ordered to produce.[13]

---

[9]   R. Doc. 121 at 13, 15.
[10]  *Id.* at 6-7, 15.
[11]  R. Doc. 122 at 2.
[12]  *Id.* at 3-4.
[13]  *Id.* at 6-8.

3

Plaintiff opposes Cotecna's objection.[14]  The Court considers the parties' arguments below.

## II. LEGAL STANDARD

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive discovery disputes.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Nevertheless, a party dissatisfied with a magistrate judge's ruling may appeal to the district court for review.  Fed. R. Civ. P. 72(a).  When a timely objection is raised, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law."  *Id.*  Under this highly deferential standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently."  *Ordemann v. Unidentified Party*, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (internal quotation omitted).  Instead, the decision must be affirmed unless "on the entire record [the court] is left with a definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[14]  R. Doc. 126.

## III. DISCUSSION

Cotecna's primary argument is that the documents it has been ordered to produce are not in its possession, custody, or control; rather, they are controlled by its foreign corporate affiliates. Under Rule 34, an individual need only produce documents that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34. Rule 34 "is broadly construed," and "documents within a party's control are subject to discovery, even if owned by a non-party." *Estate of Monroe v. Bottle Rock Power Corp.*, No. 03-2682, 2004 WL 737463, at *10 (E.D. La. Apr. 2, 2004).

"Federal courts have consistently held that documents are deemed to be within the possession, custody, or control of a party for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *Id.* To determine whether a party has control over a non-party's documents for purposes of Rule 34, "the nature of the relationship between the party and the non-party is the key." *Id.* ("Typically what must be shown is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession."). The relevant inquiry is "whether the litigant has the ability to

obtain the documents on request to a related party, either as a matter of law or as a matter of practical fact." *Woodward v. Lopinto*, No. 18-4236, 2020 WL 1279800, at *3 (E.D. La. May 15, 2020).

In this case, Cotecna's relationship with its corporate affiliates demonstrates that Cotecna has control over their documents for purposes of Rule 34. Courts routinely order parties to produce documents that belong to their "corporate relatives—such as parent, sibling, or subsidiary corporations." *Southern Filter Media, LLC v. Halter*, No. 13-116, 2014 WL 4278788, at *5 (M.D. La. Aug. 29, 2014); *see also United My Funds, LLC v. Perera*, No. 19-373, 2022 WL 1225042, at *9 (E.D. Tex. Mar. 12, 2020) (party need not produce documents owned by nonparty because there was no evidence "the entities are corporate relatives").

Further, the history of this case makes clear that Cotecna exercises sufficient control over its corporate affiliates to request access to their documents. As Cotecna concedes, it has already produced documents owned by Cotecna SA in this matter. *See Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20-68, 2020 WL 10046089, at *14 (E.D. Tex. July 8, 2020) (party's control over documents of non-party was evidenced by, among other things, the fact that the party had already produced some of nonparty's documents). Cotecna's contention that it can demand some documents but not others

from Cotecna SA related to this dispute strains credulity. Further, Cotecna represents that Cotecna SA is going to respond to plaintiff's written discovery requests in the Texas Federal Case, in which Cotecna SA is a party, by December 15, 2022, so ordering Cotecna to produce documents from Cotecna SA in this action would "duplicate that discovery in this court."[15] This further indicates that the documents Cotecna was ordered to produce are not truly inaccessible; rather, Cotecna does want to produce them in this matter because it does not technically own them. Magistrate Judge Roby did not err in ordering Cotecna to produce these documents, nor did plaintiff need to subpoena Cotecna's corporate affiliates for them. *See Lozada-Leoni*, 2020 WL 10046089, at *14 (where non-party's documents were within the control of plaintiff, defendants did not need to subpoena the non-party for the documents).

      Cotecna's argument that Magistrate Judge Roby's order contravenes Swiss law is likewise unconvincing. A party relying on foreign law has "the burden of providing evidence that" foreign law bars the production at issue and that the foreign country has enforced such laws when data has been produced pursuant to a United States court order. *See In re Xarelto Prods.*

---

[15]    R. Doc. 131 at 6.

*Liab. Litig.*, MDL No. 2592, 2016 WL 3923873, at *18 (E.D. La. July 21, 2016). Cotecna has not met this burden.

Cotecna points to two statutes in support of its argument—Articles 162 and 273 of the Swiss Criminal Code—both of which prohibit the disclosure of "manufacturing or trade secret[s]."[16] As a threshold matter, Cotecna has failed to establish that these statutes are implicated by the order. There is no evidence that the documents contain "manufacturing or trade secrets." Although Cotecna asserts that the documents include "corporate plans, details of its global finances, and related trade practices and strategic planning,"[17] it provides no detail in support of that assertion. Further, Article 162 of the Swiss Criminal Code prohibits disclosure only when the party "is under a statutory or contractual duty not to reveal" information. Cotecna points to no statutory or contractual duty not to reveal the information the Magistrate Judge ordered it to produce. And "U.S. courts have observed that Article 273 does not appear to prohibit a party from divulging its own business affairs unless 'Swiss national interests are actually endangered by the disclosure.'" *Belparts Grp., N.V. v. Belimo Automation AG*, No. 21-334, 2022 WL 1223018, at *4 (D. Conn. Apr. 26, 2022) (collecting cases). Cotecna

---

[16]   R. Doc. 122 at 7; *see also* Swiss Criminal Code, Arts. 162, 273 (available at: https://www.fedlex.admin.ch/eli/cc/54/757_781_799/en).
[17]   R. Doc. 122 at 7.

has identified no Swiss national interests that would be endangered by the disclosure. Cotecna has thus failed to establish that the statutes on which it relies are even implicated by the Magistrate Judge's order, much less that there is "a true conflict between domestic and foreign law." *Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 798 (1993) (quoting *Société Nationale Industrielle Aérospatiale v. United States Dist. Court for the Southern Dist. of Iowa*, 482 U.S. 522 (1987) (Blackmun, J., concurring in part and dissenting in part)).

Further, although Cotecna makes the conclusory assertion that Cotecna SA and its officers "face a credible threat that they may be subject to criminal liability if they were to comply with Judge Roby's order,"[18] it provides no evidence in support of this proposition. This assertion is also difficult to reconcile with the fact that Cotecna has already produced some of Cotecna SA's documents related to this dispute, and that Cotecna SA allegedly intends to produce even more documents to plaintiff in the Texas Federal Case on December 15, 2022.[19] If Cotecna's assertion that the Magistrate Judge's order would "duplicate that discovery in this Court," it is difficult to accept as true Cotecna's representation that disclosure of such

---

[18] *Id.*
[19] R. Doc. 131 at 6.

9

documents would make Cotecna SA vulnerable to prosecution in Switzerland.

Finally, to the extent Cotecna cites concerns about the fact that Cotecna and plaintiff are direct competitors, the Court notes that the order is narrowly tailored to those documents containing key words relevant to this dispute. Further, the Magistrate Judge ordered that the documents to be produced to her for in-camera review to determine the relevance of the documents before they are given to plaintiff. Finally, if the documents containing search words related to this dispute contain sensitive business information that is unrelated to plaintiff's allegations in this dispute, Cotecna may seek to redact such information upon production.

Accordingly, the Magistrate Judge's order was neither contrary to law nor clearly erroneous. Cotecna must comply with the Magistrate Judge's order within two weeks of the date of this Court's Order and Reasons.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion for review of the Magistrate Judge's October 4, 2022 order is DENIED.

New Orleans, Louisiana, this __14th__ day of December, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE